IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| NATHANIEL DANTE RICE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11CV1148 |
| v. | ) | 1:02CR153-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Nathaniel Dante Rice, a federal prisoner, has brought what the Court docketed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:02CR153-1, Doc. #91]. On January 3, 2003, Petitioner was convicted of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One), one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two), and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). He was subsequently sentenced to 121 months of imprisonment on Count One, a concurrent 120 months on Count Two, and a consecutive 60 months on Count Three. The sentence on Count One was a result of a United States Sentencing Guidelines range of 120-121 months, which reflected the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) in light of an Information of Prior Conviction filed by the Government under 21 U.S.C. § 851. The sentence imposed in Count One also included a supervised release term of eight years, which was the minimum Petitioner

could receive based on the Information of Prior Conviction. Petitioner later filed the present Motion [Doc. #91].

Petitioner raises a single claim for relief in his Motion, which is based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Government initially opposed relief, but later filed a Supplemental Response [Doc. #124], conceding that Petitioner's conviction under § 922(g) should be vacated because the predicate North Carolina convictions charged in Count Two would not support his conviction under § 922(g) as a felon in possession of a firearm. Specifically, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior convictions listed in the Superseding Indictment as supporting the § 922(g) charge.

The Government also notes that the Court would lack jurisdiction to grant relief under § 2255 because Petitioner filed a previous § 2255 Petition and has not received certification from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). However, the Government takes the position that Petitioner's Motion can be accepted as a Petition under 28 U.S.C. § 2241 and granted by this Court. The Government thus necessarily concedes that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [Petitioner's] detention" and that habeas corpus relief is available instead under 28 U.S.C. § 2241. See 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (concluding that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion,

the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"). In the Supplemental Response [Doc. #124], the Government asks that the Court vacate Petitioner's conviction as to Count Two of the Superseding Indictment.[1]

The Government has further affirmatively waived any statute of limitations that might otherwise apply.[2] In addition, although venue is ordinarily proper on a § 2241 Petition in the district where the Petitioner is incarcerated, the Government waives any objection to venue, and agrees that this case should proceed in this District. See Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (holding that this location limitation is "waived if not timely asserted"). The parties thus agree that Petitioner's Motion should be considered under 28 U.S.C. § 2241 and that pursuant to the § 2241 Petition, Petitioner's sentence and conviction on Count Two should be

---

[1] The Court notes that this case is one of the few cases to be considered in this District in which a "second or successive" § 2255 Petition is construed as a § 2241 Petition on the Government's concession. Cf. Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (noting that the Court has an obligation to satisfy itself of its jurisdiction to proceed under § 2241). In considering this issue, the Court notes that other districts within this Circuit have accepted similar concessions and proceeded in allowing relief under § 2241 in similar cases. See, e.g., Smith v. United States, No. 5:05CR207-1, 2012 WL 3727321 (E.D.N.C. Aug. 28, 2012). This Court has also followed this approach. See United States v. Sneed, Case No. 1:02CR154 (M.D.N.C. January 24, 2012). Moreover, the Court also notes that the Government now takes the position that the Court should vacate the judgment and conviction on Count Two in this case. When the Government moves to vacate a conviction, as they have requested here, the district court must grant that request "unless clearly contrary to manifest public interest." See Rice v. Rivera, 617 F.3d at 811. Thus, in the present case, if relief under § 2241 were not available, it nevertheless appears that the Government's Response could potentially be construed as a Motion to Vacate under Federal Rule of Criminal Procedure 48. See id.

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

3

vacated.³ The Court has reviewed the state court documents reflecting Petitioner's prior convictions listed in Count Two of the Superseding Indictment, and the Court notes that Petitioner's prior convictions were Class I felonies with a prior record level of I. The maximum sentence he faced for those offenses under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted and that his conviction be vacated as to Count Two. The Court also notes that Petitioner was assessed a $100 special assessment for Count Two. Therefore, any money that Petitioner paid toward that special assessment should be returned.⁴

Petitioner's convictions on Counts One and Three of the Superseding Indictment are not affected by Simmons or the Government's concession as to Count Two. However, as the Government notes, the Information of Prior Conviction that led to Petitioner's higher mandatory minimum sentence and increased minimum term of supervised release on Count One is also no longer valid under Simmons. Therefore, the Government concedes that

---

³ Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The United States Court of Appeals for the Fourth Circuit recently held that Simmons does apply on collateral review for persons whose convictions under 18 U.S.C. § 922(g) are no longer valid under Simmons. Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013).

⁴ In order to facilitate that return, the Court will need a mailing address where any refund can be sent. Petitioner should supply to the Clerk's Office an appropriate mailing address other than Petitioner's prison address. If a final Order is entered vacating Petitioner's conviction, the Clerk's Office will then determine the amount paid by Petitioner toward the $100 special assessment on Count Two and send the refund to the address provided.

Petitioner should be resentenced as to Count One. Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). In this case, relief has been granted based on the claim asserted as to Count Two, and in granting that relief and vacating the conviction on Count Two, the Court then has flexible power to determine whether resentencing is appropriate as to the remaining counts. Based on this broad discretion and the parties' agreement on this request, the Court concludes that resentencing is appropriate as to the remaining counts. The Court therefore recommends that this matter be set for resentencing on Counts One and Three.

Finally, Petitioner filed a Motion [Doc. #128] seeking a release on bond pending his resentencing. He bases this request on an argument that, once the § 851 enhancement is removed, he has likely over-served the sentence he will receive at resentencing. At this time, the Court cannot determine with certainty what sentence Petitioner will receive at resentencing. However, the Court will order Respondent to respond to Petitioner's Motion.[5]

IT IS THEREFORE ORDERED that, within 21 days of the entry of this Order and Recommendation, Respondent shall file a Response to Petitioner's Motion [Doc. #128] seeking his release pending a resolution of this matter.

---

[5] Petitioner also asks in that Motion to terminate his appointed counsel for both the § 2255 Motion and a separately pending Motion [Doc. #89] under 18 U.S.C. § 3582(c)(2). However, Petitioner currently has no counsel for his § 2255 Motion, and his § 3582(c)(2) is not before the undersigned for a decision. Therefore, the matter will not be addressed further in this Order and Recommendation. If this Recommendation is adopted and a resentencing is scheduled, counsel will be appointed to represent Petitioner at the resentencing.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #91] be GRANTED, that the Judgment [Doc. #46] be VACATED, that Count Two of the Superseding Indictment [Doc. #12] be DISMISSED, that Petitioner be resentenced as to Count One and Three of the Superseding Indictment, and that any money paid by Petitioner toward the $100.00 special assessment for Count Two be returned to him as set out above.

This, the 19th day of May, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge